IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

**STATE OF TENNESSEE v. KENDALL SOUTHALL**

**Appeal from the Circuit Court for Williamson County
Nos. 1992-CR-916, 1013, 1045; 1994-CR-2571; 1995-CR-2701;
2001-CR-7691;2002-CR-8614    James G. Martin III, Judge**

_____

**No. M2017-01975-CCA-R3-CO**

_____

The Petitioner, Kendall Southall, appeals from the Williamson County Circuit Court's denial of his motion to terminate costs from his drug-related convictions between 1992 and 2002. The Petitioner contends that the trial court erred by denying relief because multiple pending civil actions existed to collect unpaid costs relative to the convictions and that the ten-year statute of limitations period prohibits the State from attempting to collect the costs. We dismiss the appeal because this court lacks jurisdiction to consider it.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and JOHN EVERETT WILLIAMS, P.J., joined.

Daniel A. Horwitz (on appeal) and Joy S. Kimbrough (at hearing), Nashville, Tennessee, for the appellant, Kendall Southall.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; Kim R. Helper, District Attorney General; and Sean B. Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 6, 2017, the Petitioner filed a motion to terminate outstanding costs related to his previous convictions occurring in 1992, 1994, 1995, 2001, and 2002. According to the cost bills attached to his motion, the Petitioner still owed $4653 in case number 94CC1-1992-CR-916, $4565.50 in case number 94CC1-1992-CR-1013, $2604 in case number 94CC1-1992-CR-1045, $3012.50 in case number 94CC1-1994-CR-2571, $2243 in case number 94CC1-1995-CR-2701, $17.50 in case umber 94CC1-2001-CR-7691, and $3420.50 in case number 94CC1-2002-CR-8614. The motion stated that the Petitioner recalled that the costs were paid fifteen to twenty-five years previously and that even if the costs were not

paid timely, the ten-year statute of limitations for collecting civil judgments had expired. The Petitioner argued that he received no information about the alleged unpaid costs until 2016 and that the Department of Safety had never suspended or attempted to suspend his driver's license for non-payment of costs.

The motion stated that in 2016, the Petitioner was indicted for unrelated charges but that before the indictment was returned, a portion of the Petitioner's assets, including his personal cash, cash from his motorcycle club, and two vehicles, were seized pursuant to civil asset forfeiture proceedings. The motion stated that a portion of the cash and the two vehicles were returned to the Petitioner pursuant to a "settlement agreement" involving the same prosecutor who initiated the 2016 criminal proceedings.

The motion stated that in December 2015, the trial court clerk's office, without explanation, "renewed its interest in collecting" the alleged outstanding costs. The Petitioner relied upon Tennessee Code Annotated sections 28-3-110(a) and 40-24-105(a) in arguing that the alleged outstanding costs associated with his previous convictions were collectable in the same manner as a civil judgment and were subject to the ten-year statute of limitations period, which had since expired. The motion stated that the clerk's office had not attempted to collect the costs before December 2016, that the clerk's office had not sought a judgment to collect the costs as required by Code section 40-24-105(a), and that even if the clerk's office had obtained a judgment, the ten-year statute of limitations period had expired.

The State responded with a motion to dismiss the Petitioner's motion to terminate costs. The State alleged that the costs sought by the clerk's office were not civil judgments and were never converted to civil judgments. The State alleged that in November 2016, the clerk's office issued an Affidavit of Execution on the Petitioner's personal property in order to satisfy the alleged outstanding costs. The State argued that Code section 28-3-110, relative to the ten-year statute of limitations period, did not apply in this case because the costs sought originated from criminal court judgments and were, therefore, a government function. Alternatively, the State argued that Code section 28-3-110 was limited to civil cases and did not restrict the collection of costs, fines, and taxes assessed in criminal matters pursuant to Code section 40-24-105.

On July 14, 2017, the trial court held a hearing on the Petitioner's motion, but the transcript of the hearing is not included in the appellate record. *See* T.R.A.P. 24(b). The court entered a written order denying relief. The court found that the Petitioner was convicted of various offenses between 1992 and 2010 and that the sentences had expired. The court found that in 2016, the Petitioner was indicted for various drug-related offenses, that the cases were still pending, and that after the indictment was returned, the Petitioner received notice that he owed costs, taxes, fees, and fines, totaling more than $20,000 from the pre-2016 cases. The court determined that the ten-year statute of limitations for

collecting civil judgments pursuant to Code section 28-3-110(a) was inapplicable because no pending civil action existed to collect a judgment, namely the unpaid taxes, costs, and fines, from the Petitioner. The court denied the motion to terminate costs. This appeal followed.

The Petitioner contends that the trial court erred by denying his motion, arguing that civil actions to collect costs, taxes, and fines were pending at the time he filed his motion to terminate costs, that the ten-year statute of limitations prohibited the State from collecting the alleged unpaid costs, and that the State is not exempt from the limitations period. The State responds that the Petitioner does not have an appeal as of right from the denial of the motion to terminate costs and that the Petitioner should have sought a writ of certiorari from this court. Alternatively, the State argues that the limitations period has no application in this case.

The Petitioner initiated his appeal in this case by timely filing a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3(b) provides a right of appeal to a defendant in criminal cases

> from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case . . . , or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues were apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b).

In *Jonathan C. Hood v. State*, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, *1 (Tenn. Crim. App. Aug. 18, 2010), *perm. app. denied* (Tenn. Nov. 15, 2010), the petitioner filed a motion seeking the discharge of fines imposed as the result of a conviction for which the sentence had previously expired. The trial court denied the motion, and this court determined on appeal that Rule 3(b) does not expressly provide an appeal as of right for the denial of a motion to discharge fines and dismissed the appeal for lack of jurisdiction. *Id.* Similarly, in *Douglas Boruff v. State*, No. E2010-00772-CCA-R3-CO, 2011 WL 846063, at *1 (Tenn. Crim. App. Mar. 10, 2011), the petitioner filed a motion to discharge fines

-3-

pursuant to Code section 28-3-110 because he alleged the statute of limitations for paying the fines had expired. The trial court denied the motion, and this court determined that Rule 3(b) does not provide an appeal as of right from a motion to discharge fines. *Id*.

As a result, we conclude that the Petitioner does not have an appeal as of right from the denial of a motion to terminate costs. We note that the Petitioner should have submitted a petition for a writ of certiorari from the trial court's denial of the motion to terminate costs. *See* T.C.A. § 27-8-101; *see also Stephen Wayne Lewis v. State*, No. E2014-01376-CCA-WR-CO (Tenn. Crim. App. Aug. 26, 2014) (order). In a similar case involving a motion to reduce or to discharge fines and costs, this court treated the improperly filed appeal pursuant to Rule 3(b) as a petition for a writ of certiorari in the interest of justice because the trial court's determinations were "contrary to [the] law." *State v. Jeffrey S. Zarnik*, No. M2009-00478-CCA-R3-CD, 2010 WL 4812749, at *2 (Tenn. Crim. App. Nov. 23, 2010); *see State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); *see also* T.C.A. § 27-8-101; T.R.A.P 36(a). However, based upon the record before this court, the interest of justice does not necessitate transforming the appeal into a petition for a writ of certiorari. Therefore, the appeal is dismissed.

In consideration of the foregoing and the record as a whole, we dismiss the appeal.

_____
ROBERT H. MONTGOMERY, JR., JUDGE